**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Andrea Jones a/k/a Andrea C. Jones<br>_Debtor_ | CHAPTER 13 |
| MidFirst Bank<br>_Movant_<br>vs.<br>Andrea Jones a/k/a Andrea C. Jones<br>_Debtor_ | NO. 17-12946 ELF |
| William C. Miller, Esq.<br>_Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,035.49,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 1, 2017 to November 1, 2017 at $625.07/month |
| Late Charges: | July 1, 2017 to November 1, 2017 at $25.00/month |
| Less Suspense Balance: | $70.86 |
| Fees/Costs Relating to Motion: | $1,031.00 |
| Bankruptcy Attorney Fees/Costs: | $825.00 |
| **Total Post-Petition Arrears** | **$5,035.49** |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

   a). Within seven (7) days of the Court Order approving of and/or granting this stipulation, Debtor shall file an Amended Chapter 13 Plan that provides for payment of the post-petition arrears of **$5,035.49** through the Plan, together with the pre-petition arrears;

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,035.49** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due December 1, 2017 and continuing thereafter, Debtor shall maintain, and pay when due, the regular contractual post-petition monthly mortgage payment of $625.07 (or as adjusted under the terms of the mortgage), which payments are due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders) but not credited, Movant shall adjust the account accordingly.

H. Jones 2-17-12946

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed by Movant with its instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 21, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 11/25/17

John L. McClain, Esquire    /Mitchell J. Prince E.
Attorney for Debtor

Date: 11-30-2017

William C. Miller
Chapter 13 Trustee

NO OBJECTION    *without prejudice to any trustee rights or remedies

Approved by the Court this ____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

                                                Bankruptcy Judge
                                                Eric L. Frank